UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KELVIN SANTANA,<br><br>                    Plaintiff,<br><br>        v.<br><br>CITY OF NEW YORK,<br>P.O. WILFREDO BENITEZ,<br>P.O. JOHN DOES 1-3,<br><br>                    Defendants. | ECF CASE<br><br>Case No. 16-CV-3080<br><br>__COMPLAINT__ |

COMES NOW THE PLAINTIFF, Kelvin Santana, by his attorney, Steven M. Warshawsky, for his complaint against the defendants, City of New York, P.O. Wilfredo Benitez, and P.O. John Does 1-3, and alleging upon personal knowledge and information and belief as follows:

### NATURE OF THE CASE

1.      This is a civil rights action under 42 U.S.C. § 1983 and New York state law arising from plaintiff's arrest on October 6, 2015, by officers of the New York City Police Department (the "incident"). The defendant police officers subjected the plaintiff to unlawful search, false arrest, unlawful strip search, and other abuses of police authority, without reasonable suspicion, probable cause, or other legal justification. Because the defendants knowingly and intentionally violated the plaintiff's clearly established rights, they are not entitled to qualified immunity. By this action, the plaintiff is demanding compensatory damages for the harms he has suffered as a result of the defendants' unlawful conduct, punitive damages to punish and deter the defendants from engaging in similar unlawful conduct in the future, attorney's fees and costs, and all available legal and equitable relief. The plaintiff demands trial by jury.

**PARTIES**

2.Plaintiff **Kelvin Santana** is an adult citizen of New York and resides in New York, New York.

3.Defendant **City of New York** is a municipality of the State of New York. The NYC Corporation Counsel is Zachary Carter. The main office of the Corporation Counsel is located at 100 Church Street, New York, New York, 10007. The New York City Police Department is an agency or instrumentality of the City of New York. The City of New York is being sued under New York state law, pursuant to the doctrine of respondeat superior.

4.Defendant **P.O. Wilfredo Benitez** (Shield No. 015506) is an employee of the New York City Police Department. Upon information and belief, his place of business is the NYPD 44th Precinct located at 2 East 169th Street, Bronx, New York, 10452; (718) 590-5511. Officer Benitez personally participated in the unlawful conduct alleged herein. At all relevant times, Officer Benitez was acting under color of state law and in the scope of his employment with the NYPD. Officer Benitez is being sued in his individual capacity under 42 U.S.C. § 1983 and New York state law.

5.Defendants **P.O. John Does 1-3** (Shield Nos. unknown) are employees of the New York City Police Department. Upon information and belief, their place of business is the NYPD 44th Precinct located at 2 East 169th Street, Bronx, New York, 10452; (718) 590-5511. Officer Does 1-3 personally participated in the unlawful conduct alleged herein. At all relevant times, Officer Does 1-3 were acting under color of state law and in the scope of their employment with the NYPD. Officer Does 1-3 are being sued in their individual capacity under 42 U.S.C. § 1983 and New York state law.

**JURISDICTION AND VENUE**

6.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, because this action arises under the Constitution and civil rights laws of the United States.

7.     This Court has supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367, because the plaintiff's federal and state law claims derive from a common nucleus of operative facts and form part of the same case or controversy under Article III of the U.S. Constitution.

8.     This Court has venue over this action pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

9.     There are no administrative exhaustion requirements for bringing the present civil action under 42 U.S.C. § 1983.

10.    Mr. Santana served a valid notice of claim on the New York City Comptroller's Office within 90 days of the incident. A 50-h hearing was conducted by the City on December 11, 2015. To date, the City has neglected or refused to settle this matter administratively. This civil action is being filed within one year and 90 days of the incident.

**FACTUAL ALLEGATIONS**

11.    The events in this case took place on Tuesday, October 6, 2015. Around 6:30 p.m. that evening, Mr. Santana was socializing with two friends in Merriam Park located near West 168th Street and Ogden Avenue in the Bronx.

12.    Mr. Santana and his friends were sitting on a bench talking and watching a music video on Mr. Santana's cell phone. They were not trespassing. They were not

3

intoxicated or under the influence of drugs. They were not conversing in a loud, abusive, or obscene manner. They were not acting in a violent, tumultuous, or threatening manner. They were not smoking. They were not drinking alcohol. They were not violating any other park rules or regulations.

13. Around 7:15 p.m., a police car entered the park. Two uniformed police officers exited the car and approached Mr. Santana and his friends. Upon information and belief, one of the officers was defendant P.O. Wilfredo Benitez. The officers flashed their flashlights in the faces of Mr. Santana and his friends. The officers falsely claimed that they had smelled marijuana as they were driving by the park.

14. Based on the pretext that they had smelled marijuana, the police officers conducted pat down searches of all three individuals. There was no reasonable suspicion, probable cause, or other legal justification for searching Mr. Santana and his friends.

15. No illegal drugs or other contraband was found on Mr. Santana. Upon information and belief, no illegal drugs or other contraband was found on his friends.

16. The police officers then ordered Mr. Santana and his friends to remain seated on the bench while the officers searched the area for evidence of illegal drug use. There was no reasonable suspicion, probable cause, or other legal justification for detaining Mr. Santana and his friends.

17. The search of the area lasted approximately thirty minutes. Upon information and belief, no evidence of illegal drug use was found. The officers ignored Mr. Santana's questions about why he and his friends were being detained.

18. The police officers then asked for identification from Mr. Santana and his friends. Mr. Santana and his friends were told that if they did not have any warrants, they would be released from the precinct. Mr. Santana and his friends complied with the

officers' request and handed them their IDs. Upon information and belief, the officers did not conduct any warrant checks at that time and radioed for assistance.

19. A short time later, another police car arrived on the scene with two more uniformed police officers. Officer Benitez and his partner searched Mr. Santana and his friends a second time in front of the other officers. There was no reasonable suspicion, probable cause, or other legal justification for searching Mr. Santana and his friends.

20. No illegal drugs or other contraband was found on Mr. Santana. Upon information and belief, no illegal drugs or other contraband was found on his friends.

21. The police officers ordered Mr. Santana and his friends to sit back down on the bench, while the officers conferred amongst themselves.

22. Approximately fifteen minutes after the second set of police officers arrived, Mr. Santana and his friends were placed under arrest and handcuffed. There was no probable cause or other legal justification for arresting Mr. Santana and his friends.

23. The officers falsely claimed that Mr. Santana and his friends were inside the park after closing hours. This was a lie fabricated to justify the arrests.

24. Upon information and belief, a sign stated that "Park Closes at 10 PM."

25. Upon information and belief, Officer Benitez subsequently claimed that, while conducting a search incident to arrest, he found a ziplock bag containing a small amount of marijuana on one of his friends. Upon information and belief, this was a lie fabricated to justify the arrests.

26. Mr. Santana and his friends did not resist arrest. Throughout the incident they acted in a calm, respectful manner towards the police officers.

27. Mr. Santana and his friends were placed in the two police cars and transported to the 44th Precinct in the Bronx. The ride to the precinct lasted approximately five minutes.

28.     At the precinct, Mr. Santana and his friends were fingerprinted, photographed, and placed in a holding cell.

29.     A short time later, Officer Benitez escorted Mr. Santana and his friends, one at a time, down a long hallway to the last cell, where Mr. Santana and his friends were subjected to strip searches by the police officers.  There was no reasonable suspicion, probable cause, or other legal justification for strip-searching Mr. Santana and his friends.

30.     No illegal drugs or other contraband was found on Mr. Santana.  Upon information and belief, no illegal drugs or other contraband was found on his friends.

31.     After being strip-searched, Mr. Santana was told by Officer Benitez that he did not have any warrants but he still had to "go through the process."

32.     Mr. Santana was transported to Central Booking sometime before midnight on October 6, 2015.  He remained at Central Booking, without seeing a lawyer and without being arraigned, until he was released around 7:30 p.m. on October 7, 2015.  His total time is police custody was approximately 24 hours.

33.     Mr. Santana was not charged with any violations or crimes relating to the incident.  The District Attorney's Office declined to prosecute.  At approximately 2:30 p.m. on October 7, 2015, ADA Stephanie Reilly filed an Affidavit in Support of Declining/Deferring Prosecution, stating, in relevant part:  "[T]he People are declining to prosecute the instant matter due to the fact that there is insufficient evidence to support the charges. . . . The People will be unable to meet our burden of proof at trial, and as such, the People are dismissing the charges."

6

**CLAIMS AGAINST CITY OF NEW YORK**

34.     The City of New York is vicariously liable under New York state law, pursuant to the doctrine of respondent superior, for the defendant police officers' violations of the plaintiff's state law rights, as alleged herein.

35.     No claim is made against the City of New York in its municipal capacity under 42 U.S.C. § 1983, pursuant to <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978), and its progeny.

**CLAIMS AGAINST OFFICER BENITEZ**

36.     Based on the factual allegations set forth above, along with reasonable inferences drawn in the plaintiff's favor, defendant P.O. Wilfredo Benitez is liable to the plaintiff under federal and state law, as follows:

37.     Count One:  unlawful search in violation of the Fourth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983, as alleged in Paragraph 14 above.

38.     Count Two:  unlawful search in violation of New York state law, as alleged in Paragraph 14 above.  The City of New York is vicariously liable for this violation.

39.     Count Three:  unlawful seizure in violation of the Fourth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983, as alleged in Paragraph 16 above.

40.     Count Four:  unlawful seizure in violation of New York state law, as alleged in Paragraph 16 above.  The City of New York is vicariously liable for this violation.

41.     Count Five:  unlawful search in violation of the Fourth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983, as alleged in Paragraph 19 above.

42.     Count Six:  unlawful search in violation of New York state law, as alleged in Paragraph 19 above.  The City of New York is vicariously liable for this violation.

43. Count Seven: false arrest in violation of the Fourth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983, as alleged in Paragraph 22 above.

44. Count Eight: false arrest in violation of New York state law, as alleged in Paragraph 22 above. The City of New York is vicariously liable for this violation.

45. Count Nine: unlawful strip search in violation of the Fourth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983, as alleged in Paragraph 29 above.

46. Count Ten: unlawful strip search in violation of New York state law, as alleged in Paragraph 29 above. The City of New York is vicariously liable for this violation.

47. Officer Benitez is not entitled to qualified immunity for any of these violations. In each instance, the plaintiff's federal and state law rights were clearly established and were known or should have been known to Officer Benitez. In each instance, it was not reasonable for Officer Benitez to believe his actions did not violate the plaintiff's federal and state law rights.

48. In each instance, Officer Benitez acted with intentional, knowing, callous, and/or reckless indifference to the plaintiff's federal and state law rights.

49. As a result of Officer Benitez's unlawful conduct, Mr. Santana suffered loss of liberty, physical pain and suffering (from being handcuffed, confined in jail cells, and strip-searched), emotional pain and suffering, lost income (from missing one day of work), and other pecuniary and non-pecuniary injuries, for which he is entitled to an award of compensatory damages.

50. Mr. Santana is entitled to an award of punitive damages to punish Officer Benitez for his unlawful conduct and to deter him from engaging in similar unlawful conduct in the future.

## **CLAIMS AGAINST OFFICER DOES 1-3**

51. Based on the factual allegations set forth above, along with reasonable inferences drawn in the plaintiff's favor, one or more of defendants P.O. John Does 1-3 are liable to the plaintiff under federal and state law, as follows:

52. Count Eleven: unlawful search in violation of the Fourth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983, as alleged in Paragraph 14 above.

53. Count Twelve: unlawful search in violation of New York state law, as alleged in Paragraph 14 above. The City of New York is vicariously liable for this violation.

54. Count Thirteen: unlawful seizure in violation of the Fourth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983, as alleged in Paragraph 16 above.

55. Count Fourteen: unlawful seizure in violation of New York state law, as alleged in Paragraph 16 above. The City of New York is vicariously liable for this violation.

56. Count Fifteen: unlawful search in violation of the Fourth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983, as alleged in Paragraph 19 above.

57. Count Sixteen: unlawful search in violation of New York state law, as alleged in Paragraph 19 above. The City of New York is vicariously liable for this violation.

58. Count Seventeen: false arrest in violation of the Fourth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983, as alleged in Paragraph 22 above.

59. Count Eighteen: false arrest in violation of New York state law, as alleged in Paragraph 22 above. The City of New York is vicariously liable for this violation.

60. Count Nineteen: unlawful strip search in violation of the Fourth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983, as alleged in Paragraph 29 above.

61. Count Twenty: unlawful strip search in violation of New York state law, as alleged in Paragraph 29 above. The City of New York is vicariously liable for this violation.

62. Officer Does 1-3 are not entitled to qualified immunity for any of these violations. In each instance, the plaintiff's federal and state law rights were clearly established and were known or should have been known to Officer Does 1-3. In each instance, it was not reasonable for Officer Does 1-3 to believe their actions did not violate the plaintiff's federal and state law rights.

63. In each instance, Officer Does 1-3 acted with intentional, knowing, callous, and/or reckless indifference to the plaintiff's federal and state law rights.

64. As a result of Officer Does 1-3's unlawful conduct, Mr. Santana suffered loss of liberty, physical pain and suffering (from being handcuffed, confined in jail cells, and strip-searched), emotional pain and suffering, lost income (from missing one day of work), and other pecuniary and non-pecuniary injuries, for which he is entitled to an award of compensatory damages.

65. Mr. Santana is entitled to an award of punitive damages to punish Officer Does 1-3 for their unlawful conduct and to deter them from engaging in similar unlawful conduct in the future.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, plaintiff Kelvin Santana hereby demands a trial by jury as to all issues triable by jury in the above-captioned civil action.

**PRAYER FOR RELIEF**

WHEREFORE the plaintiff demands judgment against the defendants for:

A. A judgment declaring that the defendant police officers are liable for violating the plaintiff's federal and state law rights, as alleged herein;

B. A judgment declaring that the City of New York is vicariously liable for the police officers' violations of the plaintiff's state law rights, as alleged herein;

C. An award of compensatory damages in an amount no less than $100,000 (against all defendants);

D. An award of punitive damages in an amount no less than $100,000 (against the defendant police officers);

E. An order imposing appropriate equitable remedies on the defendants;

F. Pre-judgment and post-judgment interest as allowed by law;

G. Attorney's fees, costs, and disbursements as allowed by law; and

H. All other relief that the plaintiff may be entitled to under law, or as justice may require.


Dated:   April 26, 2015
         New York, NY

                                         Respectfully submitted,

                                         *Steven M. Warshawsky*
                              By:        _____
                                         STEVEN M. WARSHAWSKY (SW 5431)
                                         The Warshawsky Law Firm
                                         Empire State Building
                                         350 Fifth Avenue, 59th Floor
                                         New York, NY  10118
                                         Tel:  (212) 601-1980
                                         Fax:  (212) 601-2610
                                         Email:  smw@warshawskylawfirm.com
                                         Website:  www.warshawskylawfirm.com